| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

DANA BAKER,                          §
                                     §
            Plaintiff,               §
                                     §
*versus*                             §    CIVIL ACTION NO. 1:25-CV-101
                                     §
CITY OF SILSBEE,                     §
                                     §
            Defendant.               §

### MEMORANDUM AND ORDER

Pending before the court is Plaintiff Dana Baker's ("Baker") Motion for Leave to File Plaintiff's First Amended Complaint (#18).  Defendant City of Silsbee ("Silsbee") filed a Response in Opposition (#21), Baker filed a Reply (#22), and Silsbee filed a Sur-Reply (#23). Having considered the pending motion, the submissions of the parties, and the applicable law, the court is of the opinion that Baker's motion should be granted.

I.     Background

The present lawsuit arises from the termination of Baker's employment with the City of Silsbee Police Department ("Silsbee PD").  According to Baker, Silsbee PD hired him in September 2020, and he worked for the police department for three years before his termination in October 2023.  Baker, who is African American, asserts that he was terminated on account of his race, as every officer working in Silsbee, excluding one other African American officer, was White.  Silsbee, however, maintains that Silsbee PD terminated Baker due to multiple incidents of insubordination, unprofessional conduct toward supervisors, inappropriate interactions with citizens, and concerns raised by fellow officers.

On March 4, 2025, Baker filed his Original Complaint (#1) in the Eastern District of Texas, Beaumont Division, asserting claims under 42 U.S. C. § 1983 and Title VII.  Silsbee filed its Original Answer (#6) on June 17, 2025, and a First Amended Answer on January 22, 2026.[1] On February 16, 2026, Silsbee filed a Motion for Judgment on the Pleadings (#15).  On April 20, 2026, Baker filed the pending Motion for Leave to File First Amended Complaint (#18).

II.     Analysis

    A.     Rule 16(b) Standard

Federal Rule of Civil Procedure "16(b) governs amendment of pleadings after a scheduling order deadline has expired."  *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021) (quoting *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *accord Shaw v. Restoration Hardware, Inc.*, 93 F.4th 284, 292 (5th Cir. 2024); *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 734 (5th Cir. 2018); *Bometals, Inc. v. Ray's Threading & Fabrication, LLC*, No. 3:22-CV-445-L, 2022 WL 19404003, at *1 (N.D. Tex. Sept. 9, 2022); *but see Harvey v. Montiel*, No. 25-40127, 2026 WL 483286, at *6 (5th Cir. Feb. 20, 2026) (applying Rule 15(a) standard in evaluating plaintiff's request for leave to amend filed in conjunction with motion for reconsideration under Rules 59(e) and 60)). Because Baker seeks to amend his complaint after the deadline set forth in the scheduling order has passed, the court will apply the Rule 16(b) standard.  *See, e.g.*, *Olivarez*, 997 F.3d at 602;

---

[1] The court notes that Silsbee did not seek leave to file an amended answer.  Although the amended answer was filed before the deadline to amend, Silsbee was still obligated to seek leave to amend because it could not amend as a matter of right under the Federal Rules of Civil Procedure.  *See Scheduling Order* (#13) ("The scheduling order does not relieve the parties from obtaining leave of court whenever required by statute, the Federal Rules of Civil Procedure, local rule, or case law"); FED. R. CIV. P. 15 (requiring a party to obtain leave of court or the written consent of the opposing party to amend when it cannot amend as a matter of right).

*Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 734; *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

Rule 16(b) states that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Only when the movant demonstrates the requisite "good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 734-35 (quoting *S&W Enters., L.L.C.*, 315 F.3d at 536); *accord Olivarez*, 997 F.3d at 602; *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016); *Filgueira*, 734 F.3d at 420; *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

"The good cause standard requires a showing by the movant that 'the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Olivarez*, 997 F.3d 595, 602 (quoting *S&W Enters., L.L.C.*, 315 F.3d at 535); *accord Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024), *cert. denied sub nom. Holston Banks v. Spence*, 145 S. Ct. 1082 (2025)). When Rule 16 is at issue, the United States Court of Appeals for the Fifth Circuit has recognized that district courts need "broad discretion to preserve the integrity and purpose of the pretrial order." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 n.2 (5th Cir. 2007) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)); *accord Olivarez*, 997 F.3d at 602; *Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019) ("District courts must have the power to control their dockets by holding litigants to a schedule."). In evaluating whether a movant has demonstrated good cause, the court considers: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential

prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Banks*, 114 F.4th at 371 (quoting *S&W Enters., L.L.C.*, 315 F.3d at 536); *accord Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 734-35; *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016); *Filgueira*, 734 F.3d at 420; *Fahim*, 551 F.3d at 348; *Bometals, Inc.*, 2022 WL 19404003, at *1.

In the present case, there exists good cause to modify the scheduling order. Regarding the first factor, Baker has a reasonable explanation for the delay. The deadline to file an amended pleading lapsed on January 22, 2026. The pending Motion for Judgment on the Pleadings (#15), wherein Silsbee identified purported defects in Baker's Original Complaint (#1), was filed approximately one month later on February 16, 2026. Silsbee maintains, however, that Baker's failure to recognize the deficiencies in his own pleadings before the deadline to amend passed was mere inadvertence on Baker's part. *Banks v. Spence*, 114 F.4th 369, 372 (5th Cir. 2024) (holding that "inadvertence is tantamount to no explanation at all" and does not constitute good cause). The court disagrees. As a preliminary matter, good cause may exist where a motion to dismiss was not filed until after the deadline to amend passed. *See Snelling Employment, LLC v. Doc Johnson Enters.*, 2019 WL 12516553, at *1 (N.D. Tex. Jan. 25, 2019) (recognizing that good cause exists where a motion to dismiss was filed after the deadline to amend, meaning the claimant "could not have met the deadline set in the Court's Scheduling Order"). Furthermore, motions for leave to amend are commonly granted following the filing of a motion to dismiss or a motion for judgment on the pleadings, as those motions often put the claimant on notice of potential deficiencies contained in his pleadings. *Abedian v. Mueller*, No. 4:25-cv-512, 2025 WL 4220411, at *3 (E.D. Tex. Aug. 27, 2025) (granting leave despite the plaintiff's failure to file a pleading complying with

4

the federal pleading standard before the deadline imposed by the court); *Lam Research Corp. v. Cross*, No. 3:23-cv-00859-M, 2024 WL 4526051, at *1 (N.D. Tex. Apr. 9, 2024) (finding good cause exists under Rule 16(b) where the motion for leave is filed in response to a motion to dismiss that was filed after the deadline to amend pleadings).

Silsbee highlights, however, that there is no explanation for the delay between the filing of its motion for judgment on the pleadings and Baker's filing of the pending motion for leave two months later. Nonetheless, counsel for Baker provides a reasonable explanation for the delay. In the pending motion, counsel for Baker explains that he suffers from a debilitating eye condition, wherein his eyes become inflamed and his vision impaired. According to counsel, the condition requires treatment so that he may preserve his vision. Thus, counsel for Baker explains that, in addition to not being able to perform legal work due to his impaired vision, he took an extended leave of absence to seek treatment for his condition. Accordingly, the court is of the opinion that counsel has provided a sufficient explanation for the delay.

The second factor requires the court to evaluate the importance of the amendment. *Banks*, 114 F.4th at 371. The court does not wish, at this juncture, to delve into the adequacy of Baker's pleadings, or the impact of any amendment on said adequacy. The court recognizes, however, that permitting amendment in the face of a motion for judgment on the pleadings, where leave to amend has not been previously granted, is of great import. Allowing Baker leave to amend will permit him to strengthen his pleadings in light of the alleged deficiencies and potentially avoid judgment being rendered against him at such an early stage in the proceedings. Accordingly, the second factor weighs in favor of a finding of good cause.

The third and fourth factors evaluate whether any prejudice will result in the event leave is granted, and whether any such prejudice could be ameliorated by granting a continuance. *Banks*, 114 F.4th at 371.  Here, Silsbee will not suffer any prejudice if the court grants Baker's request for leave to amend, as the case remains in its infancy.  Courts have recognized that prejudice will not result where the discovery deadline has yet to pass.  *Garcia Marmolejo v. Rancho Cinegetico El Gran Chaparral II*, No. 1:24-cv-00522-RP, 2025 WL 3467225, at *3 (W.D. Tex. Sep. 8, 2025) (recognizing that defendants will not be prejudiced where the amendment is sought in the early stages of the proceedings); *Cinemark Holdings, Inc. v. Factory Mut. Ins. Co.*, No. 4:21-CV-00011, 2021 WL 3190508, at *3 (E.D. Tex. July 28, 2021) (holding that the defendant would not be unduly prejudiced where the motion to amend was filed well before the discovery deadline); *Snelling Emp., LLC v. Doc Johnson Enters.*, 2019 WL 13516553, at *1 (N.D. Tex. Jan. 25, 2019).  The Scheduling Order (#13) in the present case provides that the discovery deadline will not expire until September 21, 2026.  Therefore, the third and fourth factors weigh in Baker's favor.  Having concluded that all four factors weigh in favor of finding good cause, the court is of the opinion that Baker has satisfied Rule 16(b) of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 16.

B.      Rule 15(a) Standard

Because Baker has demonstrated the existence of good cause, the court must evaluate whether Baker is entitled to leave under Rule 15(a).  Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave" to amend pleadings "when justice so requires."  FED. R. CIV. P. 15(a)(2); *accord BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025); *Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020); *Lampkin v. UBS Fin.*

*Servs., Inc.*, 925 F.3d 727, 740 (5th Cir. 2019); *Brown v. Taylor*, 911 F.3d 235, 246 (5th Cir. 2018). The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *DeGruy v. Wade*, 586 F. App'x 652, 655 (5th Cir. 2014) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)); *Tex. Indigenous Council v. Simpkins,* 544 F. App'x 418, 421 (5th Cir. 2013); *Johnson v. Epps*, 479 F. App'x 583, 588 (5th Cir. 2012); *Omega Hosp., LLC v. United Healthcare Servs., Inc.*, 389 F. Supp. 3d 412, 418 (M.D. La. 2019). The language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) (quoting *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2017)); *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018); *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir. 2018).

Leave to amend, however, is by no means automatic. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017); *Bridge Assoc. L.L.C.*, 561 F.3d at 391; *Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008); *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). While leave to amend should be freely given, that generous standard is tempered by the necessary power of a district court to manage a case. *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013); *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010); *United States ex rel. Hebert v. Dizney*, 295 F. App'x 717, 725 (5th Cir. 2008); *Fin. Acquisition Partners LP*, 440 F.3d at 291. Thus, granting leave to amend a pleading is within the sound discretion of the trial court, although if the court "lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial." *McGee v. Citi Mortg., Inc.*, 680 F. App'x

287, 291 (5th Cir. 2017); *see Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 550 (5th Cir. 2009); *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

Although "[t]he court should freely give leave when justice so requires" under Rule 15(a), the Fifth Circuit has observed that this "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition." *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 468 (5th Cir. 1967) (quoting *Lone Star Motor Imp., Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir. 1961)); *accord Farmers Tex. Cnty. Mut. Ins. Co. v. 1st Choice Accident & Inj., L.L.C.*, ___F.4th___, No. 24-20275, 2026 WL 507787, at *3 (5th Cir. Feb. 24, 2026) ("Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case."); *Body by Cook, Inc.*, 869 F.3d at 391. Considerations aiding in this determination include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Farmers Tex. Cnty. Mut. Ins. Co.*, 2026 WL 507787, at *3; *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 302-03 (5th Cir. 2022) (quoting *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 575 (5th Cir. 2021)); *Body by Cook, Inc.*, 869 F.3d at 391 (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)); *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010); *Bridge Assoc. L.L.C.*, 561 F.3d at 391. If any one of these factors applies, leave may be withheld. *Rosenblatt*, 607 F.3d at 419; *Smith v. EMC Corp.*, 393 F.3d 590,

595 (5th Cir. 2004) (explaining, conversely, that "[a]bsent any of these factors, the leave should be 'freely given'" (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

As noted above, Baker's request for leave does not suggest the existence of undue delay, bad faith, or a dilatory motive.   Additionally, Baker has not repeatedly failed to "cure deficiencies," as the pending motion represents the first time Baker has sought to amend his pleading.  Also, no undue prejudice will result to Silsbee due to the fact that the case remains in the early stages of proceedings.   Finally, without commenting on the merits of the proposed amended pleading, the court is of the opinion that the amendment will not be futile.   At a minimum, permitting Baker to amend will provide Baker with an opportunity to clarify his pleadings in light of the alleged deficiencies.   Therefore, granting leave to amend is warranted under Rule 15(a) of the Federal Rules of Civil Procedure.   FED. R. CIV. P. 15(a)(2).

III.    Conclusion

Based on the foregoing analysis, Baker's Motion for Leave to File Plaintiff's First Amended Complaint (#18) is GRANTED.  Accordingly, Silsbee's First Motion for Judgment on the Pleadings (#15) is DENIED as moot.

SIGNED at Beaumont, Texas, this 1st day of June, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE